IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KINDRICK JAMES TIPPING, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:25-cv-1144<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

On August 21, 2026, Defendant Costco Wholesale Corporation (Costco) filed a motion for summary judgment, asking the court to enter judgment on behalf of the Defendant and dismiss with prejudice all claims brought against it by Plaintiff Kindrick James Tipping. (ECF No. 19.) Mr. Tipping has failed to oppose the motion, and the time to do so has passed. DUCivR 7-1(a)(4)(B)(iii) ("A response to a motion [filed under Rule 56(a)] must be filed within 28 days after service of the motion."). As a result of Mr. Tipping's "fail[ure] to timely respond, the court may grant the motion without further notice," provided that Costco, as "the moving party[,] has established that it is entitled to judgment as a matter of law." DUCivR 56-1(f); cf. DUCivR 7-1(f); You Li v. Lewis, No. 1:20-CV-12, 2020 WL 4569245, at *3 (D. Utah Aug. 7, 2020) (observing that the local rule about failure to respond to motions "does not require that the Court give notice prior to granting summary judgment…. [I]t simply states that motions—other than those for summary judgment—may be granted based solely on a parties' failure to respond"). Despite Mr. Tipping's non-response, Costco's "unopposed summary judgment

motion[] may only be granted by [this court once the court has] 'examin[ed Costco's] … submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and [Costco] is entitled to judgment as a matter of law.'" Li, 2020 WL 4569245, at *3 (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193, 1196 (10th Cir. 2005) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322–23 (cleaned up). The court "view[s] all facts and evidence in the light most favorable to the party opposing summary judgment," here, Mr. Tipping, and "[b]ecause [he now] represents himself," although he had legal representation when the complaint was filed, "[the court will] construe his filings [or lack thereof] liberally, but … may not act as his advocate." Vann v. Fewell, No. 25-3076, 2026 WL 2033095, at *3 (10th Cir. July 14, 2026) (citations omitted).

Having examined Costco's submission under the above standards, the court finds that Costco has met its burden to demonstrate that no material issues of fact remain for trial and it is entitled to judgment as a matter of law. Costco states that fact discovery has now closed and the "Plaintiff did not produce initial disclosures by the deadline, or at any point during or after fact discovery," "failed to respond to [the] Defendant's Requests for Admission and to [the] Defendant's First Set of Interrogatories and Requests for Production by the deadline, or at any

point during or after fact discovery," "did not send [the] Defendant any requests for discovery during fact discovery or anytime in this matter," and indeed, "[t]o date, … has not produced any documentation whatsoever supporting his claims, including any evidence of duty, breach, causation or damages." (MSJ, ECF No. 19, Statement of Undisputed Material Facts ¶¶ 6-10; see also Ex. 3 to MSJ (Am. Scheduling Order), ECF No. 19-3.) In failing to respond to Costco's motion, Mr. Tipping fails to dispute the veracity of any of these statements. As Costco correctly points out, because of the Plaintiff's apparent refusal to participate in discovery, the record does not contain any evidence supporting the Plaintiff's allegations. (MSJ, ECF No. 19 at 3–4.) Put plainly, Mr. Tipping has no evidence with which he could establish any of the elements of his negligence claim: duty, breach of duty, causation, or damages. (Compl., ECF No. 1-2 ¶¶ 11–13 (alleging negligence)); McCartney v. United States, 31 F. Supp. 3d 1340, 1343 (D. Utah 2014) ("A claim for negligence requires four elements: a duty, breach of that duty, causation, and damages." (citing Williams v. Melby, 699 P.2d 723, 726 (Utah 1985))). All he has are the bare allegations in his complaint, but that is not enough to survive summary judgment. See Arroyo v. Starks, No. 07-3298, 2011 WL 5024214, at *2 (D. Kan. Oct. 20, 2011), aff'd sub nom. Arroyo v. Gross, 475 F. App'x 681 (10th Cir. 2012) ("A party faced with a summary judgment motion may not simply rest on allegations contained in the pleadings, but must come forward with admissible evidence establishing each fact he relies upon." (citing BancOklahoma Mort. Corp. v. Cap. Title Co., 194 F.3d 1089, 1097 (10th Cir. 1999))). At this stage, Mr. Tipping must "make a showing sufficient to establish the existence of [the] element[s] essential to [his] case, and on which [he] will bear the burden of proof at trial,'" and he cannot do so. Palladium, 398 F.3d at 1196 (quoting Celotex, 477 U.S. at 322).

Consequently, the court GRANTS Costco summary judgment on all claims brought

against it by Mr. Tipping, and ORDERS that the Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

DATED this 23rd day of September, 2026.

BY THE COURT:

Tena Campbell
United States District Judge